Matter of Frank (2019 NY Slip Op 05776)





Matter of Frank


2019 NY Slip Op 05776


Decided on July 24, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2018-05862

[*1]In the Matter of Barry N. Frank, a suspended attorney, respondent. (Attorney Registration No. 1828847)



APPLICATION pursuant to 22 NYCRR 1240.10 by Barry N. Frank, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on November 23, 1982, to resign as an attorney and counselor-at-law. By opinion and order of the Appellate Division, Third Department, dated January 14, 2016, the respondent was immediately suspended from the practice of law in New York for an indefinite period, based upon a suspension imposed upon him in the State of New Jersey by order dated September 16, 2014.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Barry N. Frank, Ridgefield, NJ, respondent pro se.



PER CURIAM.


DECISION & ORDER
The respondent, Barry N. Frank, has submitted an affidavit sworn to on November 30, 2018, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation being conducted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, in connection with his practice of law in Queens County, which includes allegations of at least the following acts of professional misconduct: (1) that he failed to remit settlement funds to a client, and (2) failed to satisfy a judgment entered against him. The respondent avers that he cannot successfully defend himself against the charges and allegations based upon the facts and circumstances of his professional conduct.
The respondent also avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Alejandro Rossi in the amount of $5,000, and that he reimburse the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any sum that the Lawyers' Fund awards to Alejandro Rossi. He further acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that, pending the issuance of this order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that, in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the application of the respondent, Barry N. Frank, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Barry N. Frank, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Barry N. Frank, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Barry N. Frank, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Barry N. Frank, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to Alejandro Rossi; and it is further,
ORDERED that in the event that no award has been made by the Lawyers' Fund for Client Protection of the State of New York to Alejandro Rossi , the respondent, Barry N. Frank, shall make monetary restitution to Alejandro Rossi in the sum of $5,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that a partial award has been made by the Lawyers' Fund for Client Protection of the State of New York to Alejandro Rossi, the respondent, Barry N. Frank, shall make partial monetary restitution to Alejandro Rossi to the extent that he has not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this decision and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York, or by the Lawyers' Fund for Client Protection of the State of New York when it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Barry N. Frank, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall [*2]certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court